UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORYANN RITCHIE,<br><br>Plaintiff,<br><br>v.<br><br>REGIONAL RECOVERY SERVICES INC.,<br><br>Defendant. | CASE NO. 2:19-cv-00244<br><br>JURY DEMAND |

# COMPLAINT

## I.  INTRODUCTION

1. This is an action for actual damages, statutory damages, costs of the action and a reasonable attorney's fee brought by Plaintiff Loryann Ritchie for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by Defendant.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §§ 1681p and 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

## III.  PLAINTIFF

3. Plaintiff Loryann Ritchie is a natural person residing in Crown Point, Indiana.

## IV.  DEFENDANT

4. Defendant Regional Recovery Services Inc. is a domestic for-profit corporation with its principal place of business in Hammond, Indiana.

5. At all times relevant herein, Defendant Regional Recovery Services Inc. was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

## V.  STATEMENT OF FACTS

6. Plaintiff was injured on the job on September 2, 2018.

7. Plaintiff received medical treatment for the injury at Midwest Express-Schererville on September 10, 2018.

8. By Indiana law, Plaintiff's employer was liable for payment of any charges by Midwest Express-Schererville and Plaintiff had no liability therefor.

9. On December 19, 2018, Defendant sent Plaintiff a dunning letter attempting to collect an alleged debt from the September 10, 2018, medical services provided by Midwest Express-Schererville (hereinafter referenced as "Midwest Express medical bill").

10. Plaintiff does not owe the Midwest Express medical bill.

11. In December 2018, Defendant began reporting the Midwest Express medical bill to one or more of the major credit reporting agencies.

12. In December 2018, Defendant began calling Plaintiff in an attempt to collect the Midwest Express medical bill; Plaintiff advised Defendant in a telephone conversation in December 2018 that she was not responsible for paying the Midwest Express medical bill.

13. On January 21, 2019, Plaintiff sent Defendant a letter disputing her liability for the Midwest Express medical bill; a copy of the letter is attached as Exhibit A.

14. Exhibit A is a timely validation request letter.

15. On January 21, 2019, Plaintiff sent a letter to Equifax disputing the credit reporting of the Midwest Express medical bill on her credit report, providing all relevant information to allow for the determination that Plaintiff did not owe it.

16. On January 24, 2019, Plaintiff sent a letter to Experian disputing the credit reporting of the Midwest Express medical bill on her credit report, providing all relevant information to allow for the determination that Plaintiff did not owe it.

17. Defendant received notice of these disputes from Equifax and Experian but failed to conduct a reasonable investigation as to whether Plaintiff was liable for the Midwest Express medical bill.

18. Defendant verified the accuracy of the credit reporting despite knowing, or being reckless in not knowing, that it falsely stated Plaintiff was liable for the Midwest Express medical bill.

19. On March 11, 2019, "Steve" with Defendant called Plaintiff but did not advise Plaintiff that the communication was from a debt collector.

20. On April 4, 2019, Defendant sent Plaintiff a dunning letter purporting to validate Plaintiff's liability for the Midwest Express medical bill; a copy of the letter is attached as Exhibit B.

21. The April 4, 2019, letter states "The original creditor is now expecting payment of your obligation to them" even though the enclosed Account Summary shows that statement to be false.

22. Plaintiff was disturbed and distressed by the continued collection activity after she had formally disputed the debt multiple times and advised Defendant multiple times that she did not owe it.

23. Defendant eventually deleted the credit reporting of the account as a result of a Better Business Bureau complaint made by Plaintiff.

24. Plaintiff did not apply for a rental home because the derogatory account was reporting on her credit report; by the time it was removed, the rental was no longer available.

## VI.   CLAIMS FOR RELIEF

### A.   Fair Debt Collection Practices Act

25. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty-four, above.

26. Defendant violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. Attempting to collect a debt not owed, in violation of 15 U.S.C. §§ 1692e and 1692f;

    b. Communicating to the credit reporting agencies credit information that was known or should have been known to be false, in violation of 15 U.S.C. § 1692e(8);

    c. Engaging in a communication with Plaintiff by calling her and not disclosing to her that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    d. Falsely validating a debt, in violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692f;

    e. Failing to cease collection of the debt following a timely written request for validation until verification of the debt was mailed to the consumer, in violation of 15 U.S.C. § 1692g(b); and

    f. Falsely stating in the April 4, 2019, letter that "The original creditor is now expecting payment of your obligation to them," in violation of 15 U.S.C. § 1692e.

27. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### B. Fair Credit Report Act

28. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty-four, above.

29. Defendant violated the Fair Credit Reporting Act. These violations include, but are not limited to:

    a. Failing to conduct a reasonable investigation and take action thereon, in violation of 15 U.S.C. § 1681s-2(b)(1).

30. The foregoing violation was willful.

31. As a result of the violation of the Fair Credit Reporting Act, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant in an amount that will compensate her for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

### JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com